IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-76,825






Ex parte LEE ROBERT CARLE, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS

FROM ARANSAS COUNTY






Keller, P.J., filed a dissenting opinion in which Keasler and Hervey, JJ., joined.





 Pursuant to a plea agreement, applicant pled guilty in 1999 to a two-count indictment alleging
attempted capital murder and aggravated robbery. The attempted capital murder count provided that
applicant, "with the specific intent to commit the offense of Capital Murder, did then and there
attempt to intentionally cause the death of an individual by cutting and stabbing . . . with a knife
while in the course of committing or attempting to commit robbery." The aggravated robbery count
provided that applicant did, "while in the course of committing theft . . . intentionally or knowing
cause serious bodily injury . . . by cutting or stabbing . . . with a knife."

 In September 2011, applicant filed the instant habeas application alleging, among other
things, that conviction on both counts violated double jeopardy. With no response from the State
and no findings from the trial court, we remanded the case to the trial court for findings. Pursuant
to our remand order, the trial court issued findings, which included the following: "Although
Attempted Capital Murder requires proof of an element that is not required to prove Aggravated
Robbery, based upon the allegations as set out in the indictment in this cause, the charge of
Aggravated Robbery in the Second Count would have been a lesser included offense of the charge
of Attempted Capital Murder as set forth in the First Count." The trial court recommends vacating
conviction on the second count.

 Even under the indictment, each of the counts required proof of at least one fact that the other
did not: Attempted capital murder required proof of intent to kill but did not require proof that
serious bodily injury was actually inflicted, (1) while aggravated robbery required proof that serious
bodily injury was inflicted without requiring proof of intent to kill. But a finding of different
elements under Blockburger does not necessarily end a double-jeopardy inquiry--the offense could
be considered the same "if other indicia manifest a legislative intent that an accused not be punished
for both offenses if they occur in the course of a single transaction." (2)

 The offenses of aggravated robbery and attempted capital murder could have been alleged
in such a way that the aggravated robbery would clearly have been a lesser-included offense of the
attempted capital murder. The language of the indictment in this case appears, however, to have
been crafted with the purpose of avoiding a double jeopardy problem, and appellant pled guilty
pursuant to a plea agreement. I am unaware of any published decision from this Court addressing
a double-jeopardy claim under these types of facts. 

 Appellant is pro se, and we have no response from the State. I would file and set this case
to seek input from appellant (3) and the State and to consider this matter further. Because the Court
grants relief without doing so, I respectfully dissent. 


Filed: June 27, 2012

Publish
1. The allegations of cutting or stabbing with a knife implicitly allege bodily injury.
2. Gonzales v. State, 304 S.W.3d 838, 845-46 (Tex. Crim. App. 2010). 
3. If appellant is indigent, he should be appointed counsel to brief the issue.